IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TEKEL GAYLE,                    )

                           )     Civil Action No.

    Plaintiff,           )

v.                     )

                           )     JURY TRIAL DEMANDED

ALFRESCO SOFTWARE AMERICAS,  )

INC.,                   )

                           )

    Defendant.         )

                           )

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Tekel Gayle (hereinafter "Gayle" or "Plaintiff"), and files this lawsuit against Defendant Alfreso Software Americas, Inc. ("Alfreso" or "Defendant"), and shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.   Jurisdiction and Venue

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

### 4.

Defendant Alfresco Software Americas, Inc. is a Delaware corporation, and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.   Parties and Facts

### 5.

Plaintiff is a resident of the State of Georgia.

### 6.

Plaintiff was employed by Defendant from June 22, 2011 - April 23, 2013.

### 7.

Plaintiff was an "employee" of Defendant, as that term has been defined

under the FLSA, 29 U.S.C. §203(e).

8.

Throughout his employment with Defendant, Gayle's primary duty was the performance of non-exempt work, specifically IT and customer service work such as ordering new computers and other hardware for Defendant's business, and maintaining functionality of telephone systems.

9.

At the time he was hired, Plaintiff was provided an "offer letter" identifying that he was employed as a "non-exempt" employee. In particular, Plaintiff's offer letter reads, "[t]his is a non-exempt position, for which you will be entitled to receive overtime pay for all work performed in excess of 40 hours per week."

10.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

11.

During the last two years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Throughout his employment, Gayle was paid on a salary basis and not paid overtime compensation for hours he worked in excess of (40) in given workweeks.

14.

Defendant knew that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation for hours that he worked in excess of (40) in given workweeks.

15.

Plaintiff complained to Defendant's Vice President of Operations, Feidhlim O'Neill, about the fact Plaintiff was working significant overtime hours without being paid overtime compensation.

16.

Plaintiff also complained to his immediate supervisor, Alex Priscott, and Alfresco's Human Resources Manager, Patti Rain Wiffin, about the fact Plaintiff was working substantial overtime hours without being paid overtime compensation.

17.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

18.

During the last two years, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

19.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

20.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

21.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant's violations of the FLSA were willful and in bad faith.

23.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

24.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## **IV.    Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the

FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant's violations of the FLSA were willful; and

(D)     Permit Plaintiff to amend his Complaint add state laws if necessary;

(E)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 26th day of June, 2013.

                              **BARRETT & FARAHANY, LLP**

                              /s/ V. Severin Roberts
                              Amanda A. Farahany
                              Georgia Bar No. 646135
                              V. Severin Roberts
                              Georgia Bar No. 940504
                              Attorneys for Tekel Gayle

1100 Peachtree Street
Suite 500
Atlanta, GA 30309

7

(404) 214-0120
(404) 214-0125 facsimile