## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("the Agreement") is made and entered into by and between Tekel Gayle ("Mr. Gayle") and Alfresco Software Americas, Inc. ("Alfresco").

### WITNESSETH:

WHEREAS, Mr. Gayle was employed by Alfresco as a Senior Service Delivery Engineer from July 5, 2011, to April 23, 2013;

WHEREAS, Mr. Gayle has filed a lawsuit against Alfresco styled *Tekel Gayle v. Alfresco Software Americas, Inc.*, which is pending in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Lawsuit"), alleging that Alfresco failed to pay him overtime compensation for hours worked in excess of 40 per week in violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, Mr. Gayle has been represented in the Lawsuit by Amanda Farahany, V. Severin Roberts, and the firm Barrett & Farahany LLP;

WHEREAS, Alfresco denies all claims in the Lawsuit; and

WHEREAS, Mr. Gayle and Alfresco (the "Parties") desire to settle fully and finally all differences between them, including, but not limited to, those differences that were or could have been embodied in the aforementioned Lawsuit.

NOW, THEREFORE, in consideration of the special monetary consideration and the mutual promises contained herein, the Parties agree as follows:

1. Payment. Alfresco agrees that within ten (10) business days after the Effective Date of this Agreement as provided in paragraph 14, Alfresco will send to Mr. Gayle's

attorney, V. Severin Roberts, payment to Mr. Gayle and his counsel in the gross amount of forty-eight thousand dollars ($48,000.00). The payment shall be made as follows:

(a) A check made payable to Mr. Gayle in the amount of THIRTEEN THOUSAND SEVEN HUNDRED AND FIFTY-SEVEN DOLLARS AND 50/100 ($13,757.50), less customary and applicable taxes and other withholdings, constituting payment for the full amount of overtime wages allegedly owed to Mr. Gayle pursuant to the FLSA. Alfresco will issue Mr. Gayle a Form W-2 in connection with this payment.

(b) A check made payable to Mr. Gayle in the amount of THIRTEEN THOUSAND SEVEN HUNDRED AND FIFTY-SEVEN DOLLARS AND 50/100 ($13,757.50), constituting payment for liquidated damages allegedly recoverable by Mr. Gayle pursuant to the FLSA. Alfresco will issue Mr. Gayle a Form 1099 in connection with this payment.

(c) A check made payable to Mr. Gayle in the amount of ONE THOUSAND DOLLARS AND 00/100 ($1,000) for release of claims other than those arising under the FLSA. Alfresco will issue Mr. Gayle a Form 1099 in connection with this payment.

(d) A check made payable to Barrett & Farahany LLP (Taxpayer I.D. No 58-2591514) in the amount of NINETEEN THOUSAND FOUR HUNDRED AND EIGHTY-FIVE DOLLARS AND 00/100 ($19,485) for attorneys' fees and costs. Alfresco will issue Barrett & Farahany LLP a Form 1099 in connection with this payment.

The payments described above are in full satisfaction of all claims, asserted or unasserted, against Alfresco or any of the Releasees, as that term is defined in paragraph 4 of this Agreement, and is consideration to which Mr. Gayle is not otherwise entitled. Mr. Gayle and his attorneys shall have sole responsibility for the allocation, if any, of the payment among themselves, and Alfresco shall have no liability or responsibility whatsoever for any

allocation of the payments. Mr. Gayle agrees to be responsible for payment of any and all taxes owed in connection with the payment described in paragraphs 1(b), (c), and (d) and to indemnify and hold Alfresco harmless from all tax liabilities or penalties that may arise from its payment of such sums.

2. <u>No Admissions</u>. This Agreement is in compromise of doubtful and disputed claims and shall not be construed as an admission by Alfresco or any of Alfresco's current or former officers, employees, or agents of a violation of any federal, state, or local statute, regulation or other law, or of a violation of any right of Mr. Gayle or of any other person. Alfresco specifically disclaims any liability to Mr. Gayle.

3. <u>Dismissal of Lawsuit with Prejudice</u>. Mr. Gayle agrees to execute promptly all documents and take all actions necessary and appropriate to dismiss the Lawsuit with prejudice, with each party to bear its own costs and attorneys' fees. Among other things, Mr. Gayle agrees that within three business days following the receipt of the check described in paragraph 1 above, his attorney will sign and file a Stipulation of Dismissal with Prejudice and deliver a copy of that pleading to Alfresco's attorney, John W. Alden, Kilpatrick Townsend & Stockton LLP, Suite 2800, 1100 Peachtree Street, Atlanta, Georgia 30309.

4. <u>Mr. Gayle's Release of Claims</u>. Except for any claims Mr. Gayle may have for workers' compensation benefits, unemployment compensation benefits, vested pension or retirement benefits, or nonforfeitable health care, disability, or other similar welfare benefits (which are not released by this Agreement), Mr. Gayle irrevocably and unconditionally releases and forever discharges Alfresco and any affiliated, related, or successor corporations, their benefit plans and programs, and all of their present and former agents, directors, officers, employees, owners, representatives, insurers, administrators, trustees and

attorneys (hereinafter jointly and severally referred to as the "Releasees"), or any of them, to the full extent permitted by law, from any and all losses, expenses, liabilities, claims, rights and entitlements of every kind and description (hereinafter collectively referred to as "Claims"), whether known or unknown, that he has now or may later claim to have had against any of the Releasees arising out of anything that has occurred up through the date he signs this Agreement, including, without limitation, any Claims arising out of Mr. Gayle's employment or termination of employment with Alfresco. This release includes, but is not limited to, any Claims that have been asserted or could have been asserted for bonuses or vacation pay owed, back pay, severance pay, reinstatement, personal injuries, breach of contract (express or implied), breach of any covenant of good faith and fair dealing (express or implied), violation of public policy, common law, or constitutional law or for recovery of any losses or other damages to Mr. Gayle or his property based on any alleged violation of local, state, or federal law, including, for example, but not limited to: the FLSA; the Genetic Information Nondiscrimination Act of 2008; 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (prohibiting discrimination on account of race, sex, color, national origin, or religion); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (prohibiting discrimination on account of disabilities); the Uniformed Services Employment and Reemployment Rights Act of 1994, 28 U.S.C. § 4301 et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") (prohibiting discrimination on account of age); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; the Georgia Equal Employment for Persons with Disabilities Code, Ga. Code Ann. § 34-6A-1 et

seq.; the Georgia Sex Discrimination in Employment Law, Ga. Code Ann. § 34-5-1 et seq.; the City of Atlanta Fair Private Employment Ordinance, Atlanta, Ga., Code of Ordinances § 94-110 et seq.; and any other Claims under federal, state or local statutory or common law.

5. <u>Unknown Claims</u>. Mr. Gayle acknowledges that he may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to Claims between Mr. Gayle and the Releasees. Mr. Gayle expressly waives and relinquishes all rights and benefits that he may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to Claims known or suspected prior to the date he signs this Agreement and does so understanding and acknowledging the significance and consequences of such specific waiver. Thus, for the purposes of implementing a full and complete release and discharge of the Releasees, Mr. Gayle expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all Claims that he does not know or suspect to exist in his favor at the time of execution hereof and that this Agreement contemplates the extinguishment of any such Claim or Claims. This release does not, however, waive claims arising from facts occurring after Mr. Gayle signs this Agreement.

6. <u>No Other Complaints or Charges</u>. Mr. Gayle represents and warrants that he has not filed any complaints or charges other than the Lawsuit against the Releasees in any court or with any other state, local, or federal agency. Mr. Gayle agrees that he will not hereafter file, pursue, or participate in any claims, grievances, complaints, charges, or lawsuits alleging a violation of law by the Releasees based on anything that has occurred up to the present date. Mr. Gayle further acknowledges that should any administrative complaint or charge be filed against the Releasees (or any of them) with any federal, state, or

{}
US2008 385851.2

local agency, including, for instance, the Equal Employment Opportunity Commission or the Department of Labor, Mr. Gayle will have no right to recover damages or obtain relief of any kind based on anything that has occurred up to the present date. This provision does not prevent or prohibit Mr. Gayle from seeking a judicial determination of the validity of his release under the ADEA.

7. Confidentiality. Mr. Gayle agrees that he will keep the terms of this Agreement completely confidential. Mr. Gayle agrees that, except as required by law or authorized in writing by Alfresco, he will not disclose any information concerning the Agreement to anyone other than his immediate family and legal representatives and tax advisors, who will be informed by him of, and agree to be bound by, this confidentiality clause before he shares such information. Mr. Gayle further acknowledges that this promise of confidentiality is a material consideration for Alfresco's entering into this Agreement. Mr. Gayle agrees that in the event that he learns that any court is asked by anyone to order disclosure of information about this Agreement or contemplates ordering such disclosure, Mr. Gayle will provide immediate notice of such information to Alfresco's attorney, John W. Alden, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, Atlanta, Georgia 30309, telephone (404) 815-6500, or his designee. Mr. Gayle agrees to give such notice in a manner reasonably calculated to give Alfresco an opportunity to be heard before the court rules on the disclosure request. Nothing in these provisions shall prevent Mr. Gayle from complying with any administrative agency, directive, court order, subpoena, or other valid legal process.

8. No Future Employment. Mr. Gayle understands and agrees that he will not be entitled or permitted, and he will not apply, to be re-employed, rehired, or reinstated in the

{}
US2008 385851.2

future by Alfresco or any of its subsidiaries, affiliated corporations, or operating divisions. In the event Mr. Gayle does apply for employment with Alfresco or any other Releasee, Alfresco or the Releasees may ignore and reject such application without cause and without liability.

9. <u>Neutral Reference</u>. Mr. Gayle agrees to direct potential employers seeking a reference to Alfresco Human Resources, and Alfresco agrees that in response to such inquiries, Human Resources will provide only Mr. Gayle's dates of employment and positions held.

10. <u>Non-Assignability of Claims</u>. Mr. Gayle represents and warrants that he has not assigned to any other person, and that no such person is entitled to assert on his behalf, any Claims based on or arising out of his employment or the termination of his employment with Alfresco.

11. <u>Entire Agreement</u>. Mr. Gayle affirms that the only consideration for his signing this Agreement is the promises stated herein; that no other promise, representation, or agreement of any kind has been made to or with him by any person to cause him to sign this Agreement; and that he fully understands the meaning of this instrument. This document contains the entire agreement between Mr. Gayle and Alfresco and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter hereof, and the terms of this documents are contractual and not a mere recital.

12. <u>Consideration</u>. Mr. Gayle is hereby advised to seek the advice of an attorney before executing this Agreement. Mr. Gayle acknowledges that he has in fact been represented by an attorney in negotiating this Agreement and has obtained all advice and counsel that he needs to understand each of the terms and conditions of this Agreement.

13. <u>Consideration and Revocation Periods.</u> Mr. Gayle has twenty-one (21) days following his receipt of this Agreement to consider it and shall have the right to revoke his acceptance of this Agreement for seven (7) days after he signs it (the "Revocation Period") by delivering a written notice of revocation to John W. Alden, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309 (facsimile 404-541-3328), by the end of the seventh day from the date he signs this Agreement. No rights or obligations contained in this Agreement shall become enforceable before the end of the seven-day revocation period. Upon delivery of a timely notice of revocation, this Agreement will be null and void, and none of the parties to this Agreement will have any rights or obligations under it.

14. <u>Effective Date.</u> The Agreement will become when it is signed by all parties, the Revocation Period has expired if acceptance is not otherwise revoked, and the Court has approved the settlement (the "Effective Date").

15. <u>Binding Effect.</u> This Agreement will be binding upon the parties hereto and upon their next of kin, heirs, administrators, representatives, executors, successors, and assigns and will inure to the benefit of Alfresco and the Releasees, and each of them, and to their next of kin, heirs, administrators, representatives, successors, and assigns.

16. <u>Governing Law and Enforcement.</u> This Agreement is made and entered into in the State of Georgia and will be interpreted, enforced, and governed under the laws of Georgia. The language of all parts of this Agreement will in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

17. <u>Severability.</u> Should any provision of this Agreement other than paragraph 4 be declared or be determined by any court or arbitrator to be illegal or invalid, the validity of

the remaining parts, terms, or provisions will not be affected, and the illegal or invalid part, term, or provision will be deemed not to be a part of this Agreement.

18. Mr. Gayle acknowledges that:

HE HAS READ THIS AGREEMENT, AND HE UNDERSTANDS ITS TERMS AND CONDITIONS;

HE HAS BEEN GIVEN TWENTY-ONE (21) DAYS TO CONSIDER THIS AGREEMENT;

HE HAS HAD THE OPPORTUNITY TO OBTAIN ALL ADVICE AND INFORMATION HE DEEMS NECESSARY ABOUT MATTERS RELATING TO THIS AGREEMENT;

HE HAS NOT BEEN COERCED INTO SIGNING THIS AGREEMENT, AND HE VOLUNTARILY AGREES TO ABIDE BY ITS TERMS BECAUSE THEY ARE SATISFACTORY TO HIM;

NO PROMISE OR INDUCEMENT OF ANY KIND HAS BEEN MADE TO HIM BY ALFRESCO OR ANYONE ELSE TO CAUSE HIM TO SIGN THIS AGREEMENT, EXCEPT AS SET FORTH ABOVE.

THE PAYMENTS THAT HE WILL RECEIVE AS A RESULT OF SIGNING THIS AGREEMENT ARE ADEQUATE AND ARE THE ONLY CONSIDERATION FOR THIS AGREEMENT.

_____
Tekel Gayle
Date: Sept 5, 2013

{}
US2008 385851.2

Page 9 of 10

Alfresco Software Americas, Inc.

By: /s/ Paul Warenski

Title: CLO & General Counsel

Date: 9/20/13